UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ARTHUR JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant.[1] | Case No.: 16-cv-2615 BTM(JMA)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, VACATING ALJ'S DECISION AND REMANDING CASE FOR FURTHER PROCEEDINGS**<br><br>**[ECF NOS. 12, 13]** |

Plaintiff James Arthur Johnson seeks review of the Commissioner of Social Security's denial of his application for disability insurance benefits and Supplemental Security Income. The parties have filed cross-motions for summary judgment. (ECF Nos. 12, 13.) For the reasons discussed below, the Court will grant Plaintiff's motion for summary judgment, deny Defendant's motion for summary judgment, vacate the Commissioner's decision and remand the case for further proceedings.

---

[1] Defendant notes that Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted as the party defendant.

1

## I. PROCEDURAL HISTORY

On February 12, 2013, Plaintiff filed applications with the Social Security Administration seeking disability insurance benefits under Title II of the Social Security Act and supplemental security income (SSI) under Title XVI of the Social Security Act. Administrative Record (AR) 177-180, 181-186. In the applications, he alleged disability based on his history of neck and shoulder injury, "severe spine surgery," and severe headaches. AR 73. Plaintiff was born on April 16, 1971. AR 181. His alleged disability onset date was November 13, 2011. Id.

Plaintiff's claim was denied initially on August 30, 2013, and upon reconsideration on January 21, 2014. AR 73-96, 97-120. On February 26, 2014, Plaintiff filed a request for hearing before an Administrative Law Judge ("ALJ"). AR 138. A hearing was held by ALJ Robin L. Henrie on March 12, 2015, at which Plaintiff was represented by an attorney. AR 9-22, 31-72. A vocational expert testified at the hearing. AR 64-71.

On May 1, 2015, the ALJ issued a written decision denying Plaintiff's claim for benefits. AR 9-22. Plaintiff filed a request for review with the Appeals Council. Plaintiff's request for review was denied on August 9, 2016, at which point the ALJ's denial of his claim became the final decision of the Commissioner of Social Security ("Commissioner"). AR 1-5.

On October 20, 2016, Plaintiff filed the instant action seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Commissioner filed an answer, along with the administrative record, on January 31, 2017. (ECF Nos. 9, 10.) In accordance with this Court's briefing schedule, on March 20, 2017, Plaintiff filed a motion for summary judgment. (ECF No. 12.) On April 24, 2017, the Commissioner filed a cross-motion for summary judgment and response in opposition to Plaintiff's summary judgment motion. (ECF Nos. 13, 14.) On May 15, 2017, Plaintiff filed a response to the Commissioner's cross-motion/ opposition. (ECF No. 15.)

## II. **ALJ'S FINDINGS AND CONCLUSIONS**

The ALJ conducted the five-step sequential analysis set forth in 20 C.F.R. § 404.1530.[2]

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 13, 2011, the alleged disability onset date. AR 11. At step two, she found Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, degenerative joint disease of the bilateral shoulders, headaches, and occipital neuralgias. Id.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 12.

Next, the ALJ found that Plaintiff "has the residual functional capacity [(RFC)] to perform the full range of unskilled sedentary or light work as defined in 20 CFR 404.1567(b) and 416.967(b)," with the exception of a number of physical limitations, including that the work could not require "overhead lifting or overhead reaching" or "more than frequent reaching with the left upper extremity, frequent handling with the left upper extremity, frequent fingering with the left upper extremity, or any duties requiring feeling (note: claimant is right-handed)." AR 12-13, 312-13. In arriving at her RFC determination, the ALJ indicated she gave "great

---

[2] Under the Social Security Regulations, the determination of whether a claimant is disabled within the meaning of the Social Security Act is a five step process. The five steps are as follows: (1) Is the claimant presently working in any substantially gainful activity? If so, then the claimant is not disabled. If not, then the evaluation proceeds to step two. (2) Is the claimant's impairment severe? If not, then the claimant is not disabled. If so, then the evaluation proceeds to step three. (3) Does the impairment "meet or equal" one of a list of specific impairments set forth in Appendix 1 to Subpart P of Part 404? If so, then the claimant is disabled. If not, then the evaluation proceeds to step four. (4) Is the claimant able to do any work that she has done in the past? If so, then the claimant is not disabled. If not, then the evaluation proceeds to step five. (5) Is the claimant able to do any other work? If not, then the claimant is disabled. If, on the other hand, the Commissioner can establish that there are a significant number of jobs in the national economy that the claimant can do, the claimant is not disabled. 20 C.F.R. § 404.1520; see Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

weight" to the opinion of state consultative examiner Bahnam Thomas, D.O., who she noted had issued a report stating that Plaintiff "can frequently push/pull and reach with the left shoulder frequently and the right shoulder occasionally." AR 18; see AR 505. She also said she was relying on the opinions of state consultants G. Taylor Holmes, M.D. and L. Naiman, M.D. Id. Dr. Holmes had determined that Plaintiff retained the functional capacity to "push and pull frequently with the left upper extremity and occasionally with the right upper extremity" and "perform overhead reaching frequently with the left upper extremity and occasionally with the right upper extremity." Id.; see AR 80-81. Dr. Naiman reviewed the medical record on reconsideration and affirmed Dr. Holmes's determination. Id.; see AR 103. By comparison, the ALJ said she gave "little weight" to the opinions of Plaintiff's treating physician William Shoemaker, M.D., who had written a report finding that Plaintiff was functionally restricted from performing "above the shoulder level work with the left upper extremity" but identified no limitations on his use of the right upper extremity. AR 18-19; see AR 450.

At step four, the ALJ found Plaintiff was unable to perform past relevant work as a painter. AR 20. At step five, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff would be able to perform jobs existing in the national economy, including the positions of a ticket seller (booth) (DOT No. 211.467-030), with 34,000 positions nationwide, optical lens assembler (DOT No. 713.687-026), with 28,000 positions nationwide, and food and beverage order clerk (DOT 713.687-026), with 42,000 positions nationwide. AR 21. Accordingly, she concluded that Plaintiff was not disabled within the meaning of the Social Security Act and denied his claim.

//
//
//

## III. STANDARD

The Commissioner's denial of benefits may be set aside if it is based on legal error or is not supported by substantial evidence. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997). Substantial evidence means "more than a scintilla, but less than a preponderance." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citation and internal quotation marks omitted). Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995) (citation omitted).

"The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. Robbins v. Social Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the Commissioner's decision must be upheld. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). The court may not substitute its judgment for that of the Commissioner. Edlund, 253 F.3d at 1156.

## IV. DISCUSSION

Plaintiff contends the ALJ erred because her RFC determination failed to incorporate Dr. Thomas's opinion that Plaintiff was limited to occasional reaching with his right upper extremity, and that the hypothetical to the vocational expert was therefore incomplete. Defendant responds that the ALJ's RFC assessment should be affirmed because it was supported by substantial evidence.

The ALJ "is responsible for determining credibility and resolving conflicts in the evidence." Bennett, 202 F. Supp. 3d at 1127. When resolving conflicts in medical opinions, the Ninth Circuit distinguishes between "three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who

examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). As a rule, the opinions of treating physicians are given more weight than the opinions of examining and nonexamining physicians, and "[t]he opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id. The opinion of an examining doctor, even where contradicted by another doctor, "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

Here, the ALJ erred by disregarding aspects of Dr. Thomas's opinion without articulating any reason for doing so. See Betts v. Colvin, 531 Fed. Appx. 799, 800 (9th Cir. 2013). In Betts, the Ninth Circuit held the ALJ erred by purporting to give great weight to the opinions of an examining physician, while simultaneously failing to include many of that physician's opined limitations in the RFC. Id. Here, the ALJ likewise gave "great weight" to Dr. Thomas's opinions, but failed to incorporate in her RFC assessment his finding that Plaintiff was limited to occasional reaching with the right upper extremity. Although the RFC restricted Plaintiff from doing any overhead reaching, "overhead reaching" is a narrower restriction than "reaching." See Soc. Sec. Ruling ("SSR") 85-15, 1983-1991 Soc. Sec. Rep. Serv. 343, 1985 WL 56857, at *7 (Soc. Sec. Admin. Jan. 1, 1985) (defining reaching as "extending the hands and arms in any direction") (emphasis added). The ALJ's failure to incorporate the full extent of Dr. Thomas's restriction in the RFC, or alternatively to reject that aspect of his opinion and provide a specific and legitimate reason for doing so supported by substantial evidence, was legal error. Betts, 531 Fed. Appx. at 800; Lester, 81 F.3d at 830-31.

Defendant argues the Court should affirm the ALJ's RFC determination because it was consistent with the opinions of Drs. Holmes, Naiman, and Shoemaker, and thus was supported by substantial evidence. To begin with, the

6

16-cv-2615 BTM(JMA)

non-harmless legal error is sufficient cause for reversal. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (an ALJ's decision may be set aside if it is "based on legal error or [is] not supported by substantial evidence in the record...."), superseded by statute on other grounds, 20 C.F.R. § 404.1529(c)(3). Also, although the ALJ's RFC determination was consistent with the opinions of Drs. Holmes and Naiman, they were nonexamining experts, and nonexamining experts' opinions are not considered substantial evidence justifying the rejection of the opinion of an examining physician. Lester, 81 F.3d at 831; Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999). And while the RFC determination was arguably consistent with the opinion of treating physician Dr. Shoemaker, who did not identify a functional restriction on Plaintiff's ability to use his right upper extremity, the ALJ gave Dr. Shoemaker's opinions "little weight," a credibility determination neither party has challenged. The ALJ is responsible for making credibility determinations, resolving conflicts in medical testimony, and resolving ambiguities in the first instance. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (citation omitted). On this record, the Court cannot and will not attempt to insert its own post hoc rationale for the ALJ's RFC determination. Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); Edwards v. Berryhill, 2017 WL 615382, at *4 (W.D. Wash. Feb. 15, 2017) (same).

      Moreover, the Court agrees with Plaintiff that the ALJ's legal error was not harmless. An ALJ's error is not harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (holding that an ALJ's error is harmless if it was "inconsequential to

the ultimate nondisability determination"). If fully credited, Dr. Thomas's opinion supports a limitation to occasional reaching with the right upper extremity, which is a more extensive limitation than the overhead reaching limitation reflected in the ALJ's RFC. Plaintiff persuasively argues that the failure to include this limitation was not inconsequential to the vocational expert's determination that he had the residual capacity to perform the jobs of ticket seller (booth), optical lens assembler, and food and beverage order clerk. All of these jobs require at least frequent reaching (where "frequent" is defined as up to two-thirds of the work day), which is more than occasional reaching ( "occasionally" being defined as one-third or less of the work day). SSR 83-10, 1983-1991 Soc. Sec. Rep. Serv. 24, 1983 WL 31251, at *5-6 (Soc. Sec. Admin. Jan. 1, 1983) ("'Occasionally' means occurring from very little up to one-third of the time[;]" and "'[f]requent' means occurring from one-third to two-thirds of the time."); Dictionary of Occup. Titles ("DOT") at 211.467-030, 1991 WL 671853 (job of ticket seller requires worker to reach "constantly - … 2/3 or more of the time"); DOT at 713.687-026, 1991 WL 679273 (job of lens inserter requires frequent reaching, "from 1/3 to 2/3 of the time"); DOT at 209.567-014, 1991 WL 671794 (job of food and beverage order clerk requires worker to reach frequently, "from 1/3 to 2/3 of the time"). Although the regulations do not specify bilateral reaching, it is difficult to believe the reaching would not involve the dominant hand. See Marquez v. Colvin, No. ED CV 15-1561 MRW, 2016 WL 1695368, at *2-3 (C.D. Cal. Apr. 27, 2016) (remanding so the vocational expert could explain the apparent variance between claimant's limitation on overhead reaching with his dominant right arm and DOT listings that appeared to require bilateral reaching). The Court cannot confidently conclude that the vocational expert would have reached the same conclusion regarding Plaintiff's capacity for employment had the RFC incorporated Dr. Thomas's limitation to occasional reaching with the right upper extremity. Therefore, the ALJ's error in failing to either incorporate that limitation in the RFC or explain its omission from the RFC

was not harmless.

Plaintiff asks the Court to award benefits rather than remand the case to the ALJ. The Court declines to do so. The decision whether to remand for further proceedings is within the court's discretion. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Remand is appropriate where, as here, there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act"). Moreover, "[i]n cases where the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits." Harman, 211 F.3d at 1180. Here, it is not clear whether the ALJ will be required to find Plaintiff disabled after properly evaluating the medical evidence. Instead, remand is appropriate so the ALJ can address the conflicting medical opinions regarding the scope of Plaintiff's limitation on reaching with his right arm, and either incorporate Dr. Thomas's more restrictive limitation into the RFC, or provide specific and legitimate reasons for rejecting it that are supported by substantial evidence, and so that the vocational expert can address Plaintiff's ability to work based on a properly evaluated RFC.

//
//
//
//
//
//

## V. CONCLUSION AND ORDER

For the reasons discussed above, Plaintiff's motion for summary judgment (ECF No. 12) is GRANTED and Defendant's motion for summary judgment (ECF No. 13) is DENIED. The Commissioner's decision is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: August 14, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court